**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**at ASHLAND**

**CRIMINAL CASE NO. 0:26-cr-33-DLB**

**UNITED STATES OF AMERICA**                                                            **PLAINTIFF**

**vs.**          **PRETRIAL AND TRIAL MANAGEMENT ORDER**

**TIMMY G. ROBINSON, JR.,**                                                            **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

The Defendant having been arraigned in this action and having pled not guilty, the Court

enters this general order governing discovery and pretrial and trial procedures for criminal actions.

Accordingly, it is hereby **ORDERED** as follows:

1.    **Assignment of Final Pretrial and Jury Trial Dates.**

    a.    This case is set for Final Pretrial Conference on **Friday, July 31, 2026, at

**11:00 a.m.** at the United States District Court in Ashland**,** Kentucky, before United States

District Judge **David L. Bunning.**

    b.    This case is set for Jury Trial on **Monday, August 10, 2026, at 1:00 p.m.**

at the United States District Court in Ashland, Kentucky, before United States District

Judge **David L. Bunning**.  Counsel shall be present in Court at **12:30 p.m.**

2.    **Pretrial Discovery and Inspection.**  An order of the Court is not required to obtain

discovery under Federal Rule of Criminal Procedure 16.  A party need only make a "request" to

initiate the process; therefore, unless the parties disagree regarding the scope of discovery, a

motion is not required.  Accordingly, pursuant to Rule 16 and applicable case law, the parties shall conduct pretrial discovery and inspection in the following manner:

      a.    **The Government.  Within ten (10) days** after arraignment, the Assistant United States Attorney and defense counsel shall confer and, upon request, the United States shall produce all items discoverable pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure.

      b.    **The Defendant.  Within ten (10) days** after the arraignment, the Assistant United States Attorney and defense counsel shall confer and, upon request and satisfaction of other predicates to reciprocal discovery, the Defendant shall produce all items discoverable pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

      c.    **Declined disclosure.**  If, in the judgment of the United States or the Defendant, it would not be in the interests of justice to make any one or more disclosures as required by this Order and/or Rule 16 and requested by opposing counsel, disclosure may be declined.  A declination of any requested disclosure shall be in writing, directed to opposing counsel, and signed personally by the Assistant United States Attorney assigned to the case or the defense attorney.  The declination shall also specify the types of disclosure that are declined.  If the opposing side seeks to challenge the declination, the opposing side shall proceed pursuant to subsection (d) below.

      d.    **Additional discovery or inspection.**  If additional discovery or inspection is sought by either party and such request is declined, the parties shall confer and attempt to resolve the dispute in a cooperative atmosphere without recourse to the Court.  In the event the parties are unable to resolve the dispute informally, the party seeking discovery

2

may file an appropriate written motion with the Court not later than five (5) days prior to the Final Pretrial Conference, specifying the details of the dispute and legal authority supporting disclosure.

e. **Jencks Act.** Access to "statements" by witnesses is governed by the Jencks Act, 18 U.S.C. § 3500, and Federal Rule of Criminal Procedure 26.2, which statutory and rule provisions the Court applies as written.

f. **Brady material.** Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), the United States shall produce all *Brady* material in the following manner:

(1) pretrial disclosure of any *Brady* material discoverable under Rule 16(a)(1);

(2) disclosure of all other *Brady* material "in time for effective use at trial";

(3) if the Government is unsure as to the nature of the evidence and the proper time for disclosure, then it may request an *in camera* hearing for the purpose of resolving this issue; and,

(4) failure to disclose *Brady* material at a time when it can be effectively used may result in a recess or a continuance so that the Defendant may properly utilize such evidence.

g. **Rule 404(b) evidence.** Upon service of a request from the Defendant for notice of Rule 404(b) evidence of other crimes, wrongs, or acts, the United States shall provide reasonable notice in advance of trial of the general nature of any such evidence it intends to introduce at trial unless the Court excuses pretrial notice upon motion by the United States showing good cause. Notice by the date of the Final Pretrial Conference is presumed to be reasonable notice by this Court.

h.    **This Order sets forth the Court's requirements concerning statutory, case law, and rule-based discovery obligations. The Order does not displace more extensive obligations, if any, imposed as a matter of executive branch policy by the Department of Justice on United States Attorneys.**

3.    **Motions.**

a.    **Defensive motions** (except motions for discovery under paragraph 2) shall be filed **within thirty (30) days** after arraignment. In the case of subsequent arraignment on a superseding indictment, any defensive motions shall be filed within the original (30) day deadline or within fifteen (15) days of subsequent arraignment, whichever date is later.

b.    **All motions, responses, and replies,** unless otherwise ordered, will be governed by Rule 47.1 the Joint Local Rules of Criminal Practice for the Eastern and Western Districts of Kentucky ("LCrR"), and shall be **accompanied by a memorandum of authorities.** Hearings on motions requiring evidentiary hearings or oral arguments, other than motions *in limine,* will be scheduled by the Magistrate Judge. On a case-by-case basis, the presiding District Judge may decide to hear any motions filed in lieu of having the motion heard by the Magistrate Judge. Counsel shall confer and have all necessary witnesses present and ready to testify at such hearings.

c.    **Motions *in limine*.** Motions *in limine* shall be filed not later than the date of the Final Pretrial Conference. Any further filings or hearings related to such motions will be scheduled by separate order of the presiding District Judge and/or taken up at the time of the Final Pretrial Conference.

4

d.      **Motions to Continue.**  Motions to continue are generally disfavored as the Court intends to comply strictly with the provisions contained in 18 U.S.C. § 3161 (the "Speedy Trial Act").[1]  In the event a party seeks an extension of time, it must do so by written motion in accordance with LCrR 47.1(b).  Specifically, the Local Rule requires that a party seeking an extension of time must file "a motion demonstrating good cause" and opposing memoranda must be filed "within 7 days of service of the motion."  LCrR 47.1(b).  Further, "[e]xtensions of time by agreement of the parties are not valid in criminal cases."  *Id.*    Therefore, any extensions of time or continuances, whether requested by the Government or the Defendant, must meet one of the exceptions for "excludable" periods of time contained in 18 U.S.C. § 3161(h).

4.      **Pretrial Filings and Procedures.**  The following shall be provided **by the date of the Final Pretrial Conference:**

a.      **Motions *in limine*.**  *See* paragraph 3(c) above.

b.      **Notice of Rule 404(b) evidence.**  *See* paragraph 2(g) above.

c.      **Witness List.**  The United States shall submit a proposed witness list for the Court's *in camera* review, with a brief summary of expected testimony and estimated time for direct testimony of each witness.  Although not required to do so, the Defendant may also submit an *in camera* proposed witness list for the Court's review.

---

[1] A defendant may **not** prospectively waive the application of the Speedy Trial Act.  *See Zedner v. United States*, 547 U.S. 489, 500 (2006).  The Act was designed to protect *both* the defendant's and the public's interest in a speedy trial.  *Id.* at 501 (quoting 18 U.S.C. § 3161(h)(7)(A)).  The public's interest in a speedy trial cannot be served if a defendant may opt out of the Act entirely.  *Id.* at 501.

d.      **Exhibit List.**  The United States shall file an exhibit list.  Although not required to do so, the Defendant may also submit an *in camera* proposed exhibit list for the Court's review.  Counsel shall pre-mark for identification purposes all exhibits intended to be used at trial, in accordance with LCrR 55.2.

e.      **Statement of the Case.**  The parties shall submit an Agreed Statement of the Case suitable for reading to the prospective jurors on voir dire.  In the event they are unable to agree upon a statement, each shall file a separate Statement of the Case.  The proposed Statement should be brief and should identify primary issues raised by the parties (*i.e.,* a basic summary of charges and defenses).

f.      **Voir Dire.**  The Court will conduct the initial voir dire examination of prospective jurors.  The parties may submit proposed voir dire questions for consideration. Unless otherwise indicated, and in cases involving a single defendant, each party will be given fifteen (15) minutes to conduct any follow-up voir dire.  The Court may exercise its discretion to shorten individual voir dire in cases involving multiple defendants.

g.      **Daily Transcript.**  File notice with the Clerk of the Court if a party anticipates requesting daily copy from the court reporter.

h.      **Court Copies.**  In addition to the official copies filed with the Clerk of the Court, or those submitted for *in camera* review, the following documents shall be submitted, as an email attachment, to Bunning_Chambers@kyed.uscourts.gov in Word format:

(1)      exhibit list(s);

(2)      witness list(s);

(3)      statement(s) of the case;

(4)      proposed voir dire questions; and

(5)      proposed jury instructions (*see* paragraph 6(a)(1) below).

5.      **Rearraignment.**

a.      **Motions for Rearraignment.**  If the Defendant intends to enter a plea of guilty, defense counsel shall file a motion for rearraignment.  To avoid loss of credit for acceptance of responsibility under the United States Sentencing Guidelines, any motion for rearraignment shall be filed no less than **forty-eight (48) hours prior to the Final Pretrial Conference.**  The parties are advised and cautioned that any such motions that do not comply with this paragraph must be accompanied by an affidavit of counsel explaining the failure to comply.  Following the filing of a motion for rearraignment, and if the parties intend to proceed pursuant to a written plea agreement, a copy of the proposed plea agreement shall be submitted for the Court's review within **twenty-four (24) hours of any motion for rearraignment.**  This document shall be transmitted as an electronic attachment to Bunning_Chambers@kyed.uscourts.gov.

6.      **Trial.**

a.      The following shall be provided **within two (2) business days** before trial:

(1)      **Jury Instructions.**  File proposed jury instructions on the **substantive law of the case, with supporting authorities.**  Whenever applicable, the parties are instructed to follow Sixth Circuit Pattern Jury Instructions.  If any instruction cannot be agreed to or cannot be found in Sixth Circuit Pattern Jury Instructions, whenever applicable the parties shall follow Fifth or Eleventh Circuit pattern jury instructions.  The proposed instructions shall cite supporting authorities.

(2)   **Stipulations.**  File any stipulation as to the authenticity of the exhibits, as well as any stipulations of fact or law that would expedite the trial of this action.  The Defendant <u>must</u> sign any such stipulation.

b.   **Jury Composition.**  As a general matter, the Court will seat twelve (12) jurors for trial, as well as two (2) alternate jurors.  The trial and alternate jurors will be chosen pursuant to the "struck box" method.  After the strikes for cause have been determined, the Court will call a round of thirty-two jurors (32) jurors, and the first twenty-eight (28) jurors will constitute the trial juror panel and the remaining four (4) jurors will constitute the alternate panel of jurors.  Pursuant to Federal Rule of Criminal Procedure 24(b)-(c), the Government shall have seven (7) peremptory challenges and the Defendant shall have eleven (11), which number includes the one additional challenge for the alternate panel.  The Government shall exercise six (6) of its challenges and the Defendant shall exercise (10) of Defendant's challenges on the trial juror panel.  These peremptory challenges shall be exercised simultaneously by the parties and the first twelve (12) jurors not stricken will comprise the Trial Jury, in the order previously drawn.  The remaining peremptory challenge shall be exercised as to the alternate panel.  The peremptory challenges shall be exercised simultaneously by the parties and the first two (2) jurors not stricken will comprise the alternate jurors in the sequence in which they were called.  *See United States v. Delgado*, 350 F.3d 520 (6th Cir. 2003).

c.   **Technology.**  Counsel must demonstrate an ability to use the Court's visual presentation system for any exhibit which will be discussed by a witness or utilized during opening or closing statements.  The system can display documents, x-rays, photographs, negatives and videos.  The presentation system is designed to display the exhibit

simultaneously to the parties, the jury, the witnesses, and the Court.  First-time users of the system should contact the Courtroom Deputy to make arrangements to view the system onsite.  Although there is a witness monitor, some witnesses have difficulty reading from it, so an extra copy to hand to the witness should be readily available.

7.　　**General.**　The Court requires strict adherence to the Federal Rules of Criminal Procedure, as well as any applicable statutes and common law regarding discovery and inspection in criminal cases.  To the extent a matter is not addressed specifically herein, the applicable Federal Rule(s), statutes, Local Rules, and/or case law will govern the issue.

Signed this 18th day of June, 2026.



Signed By:

**Edward B. Atkins**　ƐβA

**United States Magistrate Judge**